IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

O CENTRO ESPIRITA BENEFICIENTE
UNAIO DO VEGETAL,  et al.,

        Plaintiffs,

vs.

JOHN ASHCROFT,  et al.,

        Defendants.

No. Civ. 00-1647 JP/RLP

**MOTION OF THE NATIVE AMERICAN CHURCH OF OKLAHOMA, THE NATIVE AMERICAN CHURCH OF NORTH AMERICA, AND THE NATIVE AMERICAN CHURCH OF THE KIOWA TRIBE OF THE STATE OF OKLAHOMA
TO FILE AN *AMICUS CURIAE* BRIEF IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

COMES NOW the Native American Church of Oklahoma, the Native American Church of North America, and the Native American Church of the Kiowa Tribe of the State of Oklahoma (collectively, the "NAC"), by and through undersigned counsel, and respectfully moves the Court for leave to file a brief as an *amicus curiae* opposing Plaintiffs' Motion for a Preliminary Injunction, in the form attached to this motion. As grounds for this motion, NAC states as follows:

1. Participation of NAC as an *amicus curiae* would assist the Court in making its decision regarding Plaintiffs' Motion for a Preliminary Injunction with respect to Plaintiffs' constitutional Equal Protection claim.  The parties to the instant case have submitted extensive briefs relating to the Equal Protection claim.  Neither party, however, has set forth a sufficient legal or historical analysis of the complex relationship between the United States and Indian tribes, a relationship

82

which the United States Supreme Court considers to be *sui generis*, and the manner in which that relationship should guide the decision of this Court. And neither party has provided an analysis of the limitations which counsel against reliance in the instant case on the decision in *United States v. Boyll*, 774 F. Supp. 1333 (D.N.M. 1991). To that end, granting the instant motion to permit the NAC to file this brief would bring to the Court law and argument that otherwise might escape consideration, without duplicating the efforts of any other party.

2. NAC is in the best position to articulate its interests and its members' interests in preserving the "peyote exemption" for sacramental use by enrolled members of federally recognized Indian tribes under the Controlled Substances Act. NAC's unique perspective with respect to the trust responsibilities of the United States as regards to protecting Indian religious practices as well as the nuances of the Constitutional issues will significantly aid the Court in ruling upon on Plaintiffs' motion for a preliminary injunction.

3. Unlike previous attempts to file an *amicus curiae* brief in this case by other parties, the brief offered for consideration by the NAC does not seek to introduce additional evidence into the record, but is offered solely for purposes of assisting the Court in analyzing the questions of law presented. The record has been made on the motion for preliminary injunction by the parties to the case, and *amici* NAC does not challenge that record.

4. Timeliness should not be a basis for opposing the instant motion. On information and belief, the parties are presently briefing for the Court unresolved evidentiary issues, and those briefs are not due to the Court until the end of January 2002, and

2

it was not until the existing factual record now before the Court was finalized that an *amicus* brief—based upon that record—could be prepared.  Thus the parties will have time to address responses to this brief if warranted, and the Court will have time to consider this submission prior to entering a ruling on the motion for preliminary injunction.

5.  Undersigned legal counsel for NAC has contacted coounsel for the parties. Defendants do not oppose NAC's motion, but have advised that they will be filing a response to the motion to explain why they do not oppose the motion.  Plaintiffs oppose NAC's motion.

WHEREFORE, NAC prays that the Court grant leave for NAC to file an *amicus curiae* brief in opposition to Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

ROTH VanAMBERG ROGERS ORTIZ,
FAIRBANKS & YEPA, LLP

By: _____
        C. BRYANT ROGERS

By: _____
        DAVID GOMEZ
        P.O. Box 1447
        Santa Fe, New Mexico  87501
        (505) 988-8979

Counsel for Native American Church of Oklahoma,
the Native American Church of North America, and
the Native American Church of the Kiowa Tribe of
the State of Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2002, a copy of the foregoing Motion to File *Amicus Curiae* Brief in Opposition to Plaintiffs' Application for a Preliminary Injunction and supporting Brief were sent by e-mail and mailed first-class and postage prepaid to counsel of record as follows:

Attorneys for Plaintiff:

John W. Boyd, Esq. jwb@fbdlaw.com
Nancy Hollander, Esq. nh@fbdlaw.com
Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A.
Post Office Box 25326
Albuquerque, New Mexico  87125

Attorneys for Defendants:

Elizabeth Goitein, Esq. elizabeth.goitein@usdoj.gov
Adam Szubin, Esq. adam.szubin@usdoj.gov
Civil Division
United States Department of Justice
901 E Street, N.W., Room 1032
Washington, D.C.  20004

Raymond Hamilton, Esq. raymond.hamilton@justice.usdoj.gov
United States Attorney's Office
Post Office Box 607
Albuquerque, New Mexico  87103-0607

DAVID GOMEZ

S:\Rogers\Native American Church\Pleadings\Motion 01-05-02.doc