IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

O CENTRO ESPIRITA BENEFICIENTE
UNIAO DO VEGETAL (a.k.a. Uniao do Vegetal)
(USA) ("UDV-USA"), a New Mexico Corporation
on its own behalf and on behalf of all its members
in the United States, JEFFREY BRONFMAN,
individually and as President of UDV-USA,
CHRISTINA BARRETO, individually and as
Secretary of UDV-USA, FERNANDO BARRETO,
individually and as Treasurer of UDV-USA,
CHRISTINE BERMAN, MITCHEL BERMAN,
JUSSARA de ALMEIDA DIAS, PATRICIA DOMINGO,
DAVID LENDERTS, DAVID MARTIN,
MARIA EUGENIA PELAEZ, BRYAN REA, DON ST. JOHN,
CARMEN TUCKER, and SOLAR LAW, individually and as
members of UDV-USA,


                    Plaintiffs,

v.                                                             CIV. No. 00-1647 JP/RLP

JOHN ASHCROFT, Attorney General of the United States,
DONNIE R. MARSHALL, Administrator of the United States
Drug Enforcement Administration, PAUL H. O'NEILL,
Secretary of the Department of Treasury of the United States,
DAVID IGLESIAS, United States Attorney for the District of
New Mexico, and JOHN O'TOOLE, Resident Special Agent in
Charge of the United States Customs Service Office of Criminal
Investigation in Albuquerque, New Mexico, all in their official capacities,


                    Defendants.

MEMORANDUM OPINION AND ORDER

      On November 25, 2002, the Defendants filed a Motion and Supporting Memorandum to Stay Preliminary Injunction Pending Appeal (Doc. No. 107). A hearing was held on the motion to stay on December 2, 2002. Plaintiffs' counsel John Boyd and Nancy Hollander, Plaintiff

Jeffrey Bronfman, and Defendants' counsel Elizabeth Goitein participated in the hearing. Having considered the briefs, arguments of counsel, and the relevant law, the Court finds that the motion to stay should be denied.

A. Discussion

To obtain a stay of an injunction pending appeal, the applicant must address the following factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Tenth Circuit has elaborated on these factors by stating that: "If [applicants] can meet the other requirements for a stay pending appeal, they will be deemed to have satisfied the likelihood of success on appeal element if they show 'questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation.'" *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996)(citations omitted).

1. Likelihood of Success on the Merits

The Defendants make three arguments to demonstrate a strong likelihood of success on appeal. First, the Defendants argue that the Court of Appeals will agree with the Defendants' interpretation of the 1971 Convention on Psychotropic Substances (Convention). Second, the Defendants argue that the Court of Appeals will find a compelling interest in protecting the health and safety of UDV members. Third, the Defendants argue that the Court of Appeals will find a compelling interest in preventing diversion of hoasca.

>	a. The 1971 Convention on Psychotropic Substances

The Defendants argue that the Convention applies to hoasca under the definition of a "preparation" (a solution or mixture) containing a Schedule I substance. The Defendants also argue that the Court failed to accord due deference to the interpretation of the Convention by the State Department which states that "the Convention on Psychotropic Substances imposes an obligation on the United States to prohibit the use, manufacture, import or export of any controlled substance on Schedule I, such as DMT, and any preparation containing such a controlled substance, such as the ayahuasca tea transported for Brazil."  The Plaintiffs note, however, that the Secretary of the United Nations International Narcotics Control Board, the agency which enforces the Convention, wrote an apparently unofficial letter dated January 17, 2001, which stated that:  "No plants (natural materials) containing DMT are a present controlled under the 1971 Convention on Psychotropic Substances.  Consequently, preparations (e.g. decoctions) made of these plants, including ayahuasca are not under international control and, therefore, not subject to any of the articles of the 1971 Convention."

 The Court is not obliged to accept an agency interpretation which is unreasonable.  *El Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 168 (1999)("Respect is ordinarily due the reasonable views of the Executive Branch concerning the meaning of an international treaty."). In light of the Court's Memorandum Opinion and Order (Doc. No. 88), filed August 12, 2002, which fully supports the finding that the Convention does not apply to hoasca, the Court finds that it is not required to give due deference to the State Department's interpretation of the Convention.  Morever, the Court is not required to give due deference to an agency's litigation position if that position is not a long-standing agency view.  *BMW of North America v. U.S.*, 39

F.Supp.2d 445, 449 (D.N.J. 1998)(quoting *Appalachian States Low-Level Radioactive Waste Comm'n v. Pena*, 126 F.3d 193, 198 (3d Cir.1997)).  There is no indication in this case that the State Department's interpretation is anything but an agency's litigation position.  In addition, the January 17, 2001 letter by the Secretary of the United Nations International Narcotics Control Board, although not previously before this Court and not binding on this Court, provides a further indication that the Court properly found that the Convention does not apply to hoasca. The Court concludes that the Defendants have not made a strong showing that they would likely be successful on appeal with respect to the issue of whether the Convention applies to hoasca.

       b. Compelling Interest in Protecting the Health and Safety of UDV Members

 The Defendants argue that the Court should have deferred to Congress's factual finding that DMT is unsafe, and then considered whether the government had a compelling interest in prohibiting the Plaintiffs, in particular, from using DMT.  The Defendants argue that the government has a compelling interest in prohibiting the Plaintiffs from using DMT. The Defendants further argue that since the Court found that the evidence was in "equipose" with respect to the hoasca's health risks, this case is one in which there are "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issue ripe for litigation and deserving of more deliberate investigation."  *See McClendon*, 79 F.3d at 1020 (10th Cir. 1996). Alternatively, the Defendants argue that the evidence clearly showed the health risks associated with drinking hoasca.  The Plaintiffs argue persuasively, on the other hand, that this Court has already carefully considered the evidence on this point and concluded that the Defendants failed to carry their burden under the Religious Freedom Restoration Act (RFRA).  Considering the Court's thorough review of the health related evidence presented by the parties' experts, the

4

Court concludes that the Defendants have failed to demonstrate a strong showing that they would likely succeed on appeal on the issue of whether the United States has a compelling interest in the health and safety of the UDV members.

   c. Compelling Interest in Preventing Diversion of Hoasca

The Defendants argue that the evidence shows that hoasca would likely be diverted. The Defendants argue alternatively that the Court's finding that the evidence was "virtually balanced" is sufficient reason to grant the stay because the case presents "serious" and "difficult" questions "deserving of more deliberate investigation." Again, the Plaintiffs persuasively argue that the Court has already sufficiently considered the evidence with respect to the likelihood of diversion and concluded that there is not a compelling interest in preventing diversion of hoasca. The Court concludes that the Defendants have not shown that there is a strong likelihood of success on appeal on the issue of whether the United States has a compelling interest in preventing diversion of hoasca.

   d. Close Questions

The Defendants argue throughout their motion that the closeness of the evidence supports a finding under *McClendon* that there is a likelihood of success on appeal. The *McClendon* holding that close questions amount to a likelihood of success on appeal applies only if the other requirements for a stay are met. As shown below those other factors have not been met.

2. Threat of Irreparable Harm

The Defendants argue that the United States would be harmed if it was required to violate "a critical international treaty." Linda Jacobson, Assistant Legal Adviser for Law Enforcement and Intelligence at the State Department declared (attached to motion for stay) that: "If the

5

United States were compelled to end compliance with the Convention, even if only for a temporary period pending appeal, this could seriously undermine the United States' ability to insist upon strict compliance by other treaty partners.  Furthermore, such non-compliance by the United States, even if temporary, would likely undercut ongoing diplomatic efforts to urge other countries to comply fully with this Convention." The Defendants also argue that if the preliminary injunction is allowed to go into effect the public health could be irreparably harmed and there would be a "high potential for diversion."  Finally, the Defendants argue that these irreparable harms outweigh any harm the Plaintiffs would suffer by being denied use of the hoasca tea either temporarily pending appeal or permanently if the Court of Appeals rules in the Defendants' favor.

The Plaintiffs correctly argue that the Defendants have not shown that the United States will suffer from any irreparable injury if the Convention is violated.  The Plaintiffs note that the Defendants are merely speculating that the United States' reputation as a leader in the war on drugs will be "tarnished."  Moreover, the detailed provisions of the Preliminary Injunction adequately address the Defendants' concerns regarding the health risks of the UDV members and potential diversion.  The Court, therefore, concludes that the Defendants have failed to show that they will suffer from irreparable injury if the Preliminary Injunction is not stayed pending appeal.

3.  Public Interest

The Defendants argue that "[b]ecause RFRA does not in fact prohibit the government from enforcing the CSA against Plaintiffs, allowing Plaintiffs to use hoasca does not vindicate any of the rights that RFRA protects, and therefore does not serve the public interest."  The Defendants also argue that there is a public interest in protecting the UDV member's health, preventing diversion of hoasca, and in adhering to the international Convention.  The Plaintiffs,

6

however, successfully argue that there is a strong public interest in following RFRA.  *See Jolly v. Caughlin*, 907 F.Supp. 63, 65 (S.D.N.Y. 1995), *aff'd*, 76 F.3d 468 (2d Cir. 1996), *overruled on other grounds*, *City of Boerne v. Flores*, 521 U.S. 507 (1997)(defendants failed to show that their concerns outweigh the "strong public interest in following the law, namely RFRA and the Eighth Amendment to the Constitution.").  Furthermore, the Preliminary Injunction adequately addresses the Defendants' concerns regarding the health risks of the UDV members and potential diversion of hoasca.  The Court concludes that the Defendants have failed to show that the public interest would be harmed if the Preliminary Injunction is not stayed pending appeal.

    IT IS ORDERED that Defendants' Motion and Supporting Memorandum to Stay Preliminary Injunction Pending Appeal (Doc. No. 107) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE